UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Matthew Perez,

    Plaintiff,

v.                                                                                            Case No.

LOWE'S HOME CENTERS, LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Matthew Perez** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Lowe's Home Center LLC.** ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and FCRA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff was employed by Defendant as a Customer Service Associate from on or around February 16, 2012, until his constructive termination on or around July 14, 2020.

13. Plaintiff had a qualified disability which substantially limited his ability to perform one or more major life activities.

14. During his tenure, Plaintiff was an exceptional performer for Defendant.

15. Plaintiff was able to perform his job duties with or without an accommodation.

16. However, despite being an excellent employee, he was subjected to disparate treatment in the workplace on account of his disability and/or perceived disability and as a result, was retaliated against by Defendant.

17. After six successful years with Defendant, Defendant began to aggressively micromanage Plaintiff's work and falsely accuse him of doing his job incorrectly.

18. Specifically, Plaintiff's supervisors David Vandershaaf and Michael Criss treated Plaintiff in a disparate manner than they treated similarly situated employees.

19. Prior to reporting to Mr. Vandershaaf and Mr. Criss, Plaintiff was never told that his execution of tasks over the past several years was an issue, but once he began reporting to them, Mr. Vandershaaf and Mr. Criss subjected Plaintiff to intense scrutiny, harassing comments, and threats of discipline.

20. For example, Defendant refused to allow Plaintiff to assist customers with Christmas trees during the busy Christmas season and would not allow Plaintiff to use the saw to cut tree as he had done in the past under different supervisors.

21. Due to the discrimination, Plaintiff made multiple complaints to Human Resources.

22. However, Defendant failed to take any remedial action.

23. Following Plaintiff's complaints, Defendant retaliated against him by subjecting him to degrading treatment and issuing him unwarranted discipline.

24. Instead of engaging in an interactive process with Plaintiff to accommodate his needs, Defendant immediately terminated Plaintiff upon his return.

25. Defendant took adverse employment action against Plaintiff for engaging in protected activity under the ADA and the FCRA.

26. Due to the ongoing discrimination and failure to address his complaints, Plaintiff had no choice but to separate from Defendant.

27. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the ADA and the FCRA.

28. Defendant's constructively terminated Plaintiff's employment.

## COUNT I —ADA VIOLATION
### (DISCRIMINATION)

29. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Plaintiff is a member of a protected class under the ADA.

31. Plaintiff was subjected to disparate treatment.

32. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — ADA RETALIATION

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

36. Plaintiff is a member of a protected class under the ADA.

37. Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

38. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

39. Defendant has taken material adverse action against Plaintiff.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION (DISCRIMINATION)

42. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 28 of this Complaint as though fully set forth herein.

43. Plaintiff is a member of a protected class under the FCRA.

44. Plaintiff was subjected to disparate treatment.

45. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

46. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FCRA RETALIATION

47. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 28 of this Complaint as though fully set forth herein.

48. Plaintiff is a member of a protected class under the FCRA

49. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

50. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 19th day of January, 2022.

Respectfully submitted,

*s/ Chad A. Justice*
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**